UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL GOFFENA,

    Plaintiff,

v.                                        CASE NO:

WAL-MART STORES EAST, L.P.,
a Foreign Limited Partnership,
and

JOHN DOE, Manager of Store # 1874

    Defendants.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, L.P., ("Walmart"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the Sixth Judicial Circuit Court in and for Pasco County, Florida, Case No. 2021-CA-002989, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I.   BACKGROUND

1. On or about December 29, 2021, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores East, L.P. and John Doe, in the Sixth Judicial Circuit Court in and for Pasco County, Florida. *See* Pl.'s Compl.

(attached as Ex. A). The Complaint was served on Wal-Mart Stores East LP, on January 7, 2022. To date, Plaintiff has failed to serve the John Doe Defendant.

2.  Plaintiff, CRYSTAL GOFFENA, alleges a claim for negligence against Walmart and John Doe as a result of injuries she allegedly sustained on October 28, 2021 when she slipped and fell at the Walmart store located at 12610 U.S. Highway 19, Hudson, Pasco County, Florida.

3.  Specifically, Plaintiff alleges that "As a direct and proximate cause of the negligence of Defendant, WAL-MART, as heretofore alleged, Plaintiff slipped on a liquid substance, which appeared to be water, and when she fell, she sustained injuries and damages as hereinafter alleged." *See* Pl.'s Comp. at ¶12.

4.  This litigation is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

5.  As discussed more fully below, Plaintiff attempts to join as a defendant an unidentified individual who is a Florida resident for the sole purpose of defeating diversity jurisdiction, which constitutes fraudulent joinder.

6.  Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Sixth Judicial Circuit of

the State of Florida in and for Pasco County together with a docket sheet from the Clerk of the Court. *See* Composite (attached as Ex. B).

7. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

8. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Wal-Mart's Request for Production that included Plaintiff's medical bills that exceed $75,000 exclusive of interest, costs, and attorneys' fees, as well as Plaintiff's Answers to Defendant's Interrogatories further evidencing the amount.

9. Plaintiff's discovery responses and document production are the first "other papers" received after the filing of this action, from which it could be ascertained that the case is one that was removable. The thirty (30) day period commenced on February 18, 2022 when Plaintiff filed these responses. (See Plaintiff's Answers to Interrogatories attached as Exhibit C and Plaintiff's Response to Request for Production, attached as Exhibit D.)

10. Venue exists in the United States District Court for the Middle District of Florida, because the Sixth Judicial District in and for Pasco County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

### III.  THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

11. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

12. Walmart Stores East, LP is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Walmart Stores East, LP is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

13. Hence, Defendant, Walmart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

14. Plaintiff is a citizen of the State of Florida residing in Pasco County, Florida. (See Plaintiff's Answers to Interrogatories, ¶¶ 1, 3, attached as Exhibit C.)

15. In her sworn Answers to Interrogatories, Plaintiff identifies her place of residence to be in Hudson, Pasco County, Florida, at the present time and as her place of residence since October 2020. (See Plaintiff's Answers to Interrogatories, ¶¶ 1, 3, attached as Exhibit C.)

16. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, a "person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005) (quoting McCormick, 293 F.3d at 1257–58).

17. Plaintiff's domicile in Hudson, Pasco County, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick, 293 F.3d at 1257.

18. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

19. In determining whether diversity jurisdiction exists, the Court must disregard the citizenship of fraudulently joined parties. *Henderson v. Washington Nat. Ins. Co*, 454 F. 3d 1278, 1281 (11th Cir. 2006). Under well-established principles of federal law and civil procedure, a plaintiff may not destroy a defendant's right of removal by fraudulently or improperly joining a resident defendant having no real connection with the controversy. *See e.g. Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 91 (1921).

20. In evaluating whether there is any possibility that the plaintiff can establish a cause of action against a resident defendant, the Eleventh Circuit has stated that there must be a reasonable basis for the claim being made. *Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005). Thus, a defendant is fraudulently joined when there is no "reasonable basis" for a claim against it.

21. Here, Plaintiff attempts to assert a cause of action against John Doe, the Manager of the subject premises. Florida law is clear that an employee, such as John Doe, cannot be held personally liable in tort simply because of his general administrative responsible for performance of certain functions. *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357 (Fla. 1st DCA 2006). To establish employee liability, the plaintiff must plead and prove that the employees owed a duty to the plaintiff, and that the duty was breached through personal (as opposed to technical or vicarious) fault. *Id.*

22. The Plaintiff's Complaint is void of any allegations of active negligence on the part of John Doe; rather, all of Plaintiff's allegations arise from John Doe's purported duty as the manager of the subject Walmart. Under Florida law, such allegations are insufficient to establish personal liability against John Doe. Therefore, Plaintiff lacks any basis whatsoever for her negligence claim against John Doe and the inclusion of John Doe in this lawsuit is a transparent attempt to destroy complete diversity. *Id.*

23. Plaintiff is a citizen of the State of Florida residing in Pasco County, Florida. Plaintiff is a not a citizen of Delaware or Arkansas.

24. Because there exists complete diversity between Plaintiff and properly joined Defendant Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV.  **AMOUNT IN CONTROVERSY**

25. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

26. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum – "This is an action for damages in excess of Thirty Thousand Dollars" (Pl.'s Comp. ¶1) – a review of the full Complaint, Plaintiff's discovery responses, and Plaintiff's document production received to date indicate that the claimed amount in controversy exceeds $75,000.

27. Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of Walmart, "Plaintiff sustained the following past and present damages: (a) bodily injury; (b) great physical pain and suffering in the past and into the future; (c) disability and inability and loss to lead and enjoy a normal life; (d) physical impairment, (e) disfigurement and scarring; (f)

mental anguish in the past and into the future; (g) loss of diminution of earnings or earning capacity, loss of past and/or future earnings; (h) aggravation and permanent aggravation of an existing disease or physical defect; (i) permanent injury within a reasonable degree of medical probability and/or certainty; and/or (j) medical and related expenses, past and future, incurred in seeking a cure for said injuries." *See* Ex. A at ¶13.

28. Additionally, Plaintiff alleged "the losses are either permanent or continuing and Plaintiff will suffer the losses in the future." *See* Ex. A at ¶14.

29. According to Plaintiff's Answers to Interrogatories, Plaintiff has incurred injuries to her neck, back, arms, shoulders, palms, hips, right knee.

30. Therein, Fast MD indicated that Plaintiff was scheduled to undergo a surgical procedure – an Anterior Cervical Discectomy with partial corpectomy and Fusion of C5-6, C6 – on February 21, 2022 at a cost of $213,500.00. See Exhibit E. Plaintiff's Counsel confirmed that the Plaintiff had undergone the aforementioned surgical procedure and incurred costs associated with same. See Exhibit F.

31. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office*

*Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

32. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

33. Based upon the allegations in the Complaint, Plaintiff's alleged injuries, and Plaintiff's discovery responses, the amount in controversy exceeds the requisite $75,000.00.

34. Based upon the Surgical Cost Letter produced by the Plaintiff, which Plaintiff's Counsel confirmed she went through with, Plaintiff's medical bills received to date indicate that Plaintiff has incurred at least $225,204.00 in medical bills. This does not take into account Plaintiff's alleged future compensatory damages, nor Plaintiff's past and future non-compensatory damages.

35. Thus, considering all of the information, the matter exceeds the $75,000 amount in controversy requirement. *Roe v. Michelin N. Am., Inc.,* 613 F.3d

1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." *Stephenson v. Amica Mutual Insurance Company*, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

## V. CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2021-CA-002989, on the docket of the Court for the Sixth Judicial Circuit in and for Pasco County, Florida, be removed from that Court to the United States District

Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

                                              Respectfully submitted,

                                              **/s/Amanda J. Sharkey Ross**
                                              Amanda J. Sharkey Ross
                                              Robert V. White

      I HEREBY CERTIFY that on March 11, 2022 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John D. McBride, Esq.
FBN:  0096451
Brent M. Lowman, Esq., CPA
FBN:  0093239
J. Alexander Lao, Esq.
FBN: 0177131
Matthew M. Donaldson, Esq.
FBN:  0093239
Lowman Law Firm
31 S. Main Street
Brooksville, FL  34601
Tel:  352-796-0016
Fax:  352-797-7414
pleadings@lowmanlawfirm.com
*Attorneys for Plaintiff*

**/s/ Amanda J. Sharkey Ross**
AMANDA J. SHARKEY ROSS
Florida Bar No. 598666
ROBERT V. WHITE
Florida Bar No. 88882
Post Office Box 280
Fort Myers, Florida 33902-0280
Telephone: 239.344.1263
Fax: 239.344.1539
Attorneys for Defendant
Amanda.ross@henlaw.com
tracey.salerno@henlaw.com
robert.white@henlaw.com
sarah.howie@henlaw.com