UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL GOFFENA,

    Plaintiff,

-vs-                                        CASE NO: 8-22-CV-562-SDM-TGW

WAL-MART STORES EAST, L.P.,
a Foreign Limited Partnership and
AARON POWELL,

    Defendants.
_____/

**AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff, CRYSTAL GOFFENA, by and through undersigned counsel, and hereby sues Defendants, WAL-MART STORES EAST, LP and AARON POWELL, and alleges:

**PARTIES, JURISDICTION, AND VENUE**

1.      This is an action for damages in excess of Thirty Thousand Dollars ($30,000).

2.      The subject of this cause of action is an October 28, 2021, slip and fall that occurred in Pasco County, Florida.

3.      At all times material hereto, Defendant, WAL-MART STORES EAST, LP, (hereinafter "WAL-MART") was located and authorized to do business in Pasco County, Florida.

4.      At all times material hereto, Defendant, WAL-MART, owned, operated, and maintained a store (Supercenter #5266) located at 12610 U.S. Highway 19, Hudson, Pasco County, Florida.

5. At all times material hereto, Defendant, AARON POWELL, was employed in Pasco County, Florida and/or was a resident of Pasco County, Florida.

6. At all times material hereto, Defendant, AARON POWELL, was employed by Defendant, WAL-MART, as a store manager at Wal-Mart (Supercenter #5266) located at 12610 U.S. Highway 19, Hudson, Pasco County, Florida.

## GENERAL ALLEGATIONS

7. On October 28, 2021, Plaintiff went to the Wal-Mart (Supercenter #5266) located at 12610 U.S. Highway 19, Hudson, Pasco County, Florida, which is in the business of selling merchandise.

## COUNT I
## CRYSTAL GOFFENA vs. WAL-MART STORES EAST LP

8. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 above as if fully set forth herein.

9. On the date and at the place aforesaid, Defendant, WAL-MART, owed Plaintiff a business guest and/or invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff.

10. On the date of the incident, Defendant, WAL-MART, by and through its employees, servants, and/or agents could reasonably anticipate that its mode of operation for ensuring that the floor of the store was not left in a slippery and dangerous condition was not reasonable.

11. On the date and at the place aforesaid, Defendant, WAL-MART, breached the duty owed to the Plaintiff by committing one or more of the following omissions or commissions:


a. Negligently failed to maintain or adequately maintain the floor space in the store by allowing a liquid substance, which appeared to be water, to remain on said floor, for the safety of Plaintiff;

b. Negligently failed to inspect or adequately inspect the floor area inside the store to determine whether a liquid substance, which appeared to be water, existed on said floor, for the safety of Plaintiff;

c. Negligently failed to warn or adequately warn Plaintiff of the danger of slipping on a liquid substance, which appeared to be water, when she entered the floor space in and around the store when Defendant, WAL-MART, knew or should have known of said danger and that Plaintiff, was unaware of said danger; and/or

d. Negligently failed to correct, or adequately correct, the dangerous condition of a liquid substance, which appeared to be water, on the floor when said dangerous condition was known to Defendant, WAL-MART, or had existed for a sufficient length of time so that Defendant, WAL-MART, should have known of it.

12. As a direct and proximate cause of the negligence of Defendant, WAL-MART, as heretofore alleged, Plaintiff slipped on a liquid substance, which appeared to be water, and when she fell, she sustained injuries and damages as hereinafter alleged.

13. As a direct and proximate result of the said negligence, Plaintiff sustained the following past and present damages:

a. bodily injury;

b. great physical pain and suffering in the past and into the future;

    c.    disability and inability and loss of capacity to lead and enjoy a normal life;

    d.    physical impairment;

    e.    disfigurement and scarring;

    f.    mental anguish in the past and into the future;

    g.    loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

    h.    aggravation and permanent aggravation of an existing disease or physical defect;

    i.    permanent injury within a reasonable degree of medical probability and/or certainty; and/or

    j.    medical and related expenses, past and future, incurred in seeking a cure for said injuries.

14. Furthermore, the losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, CRYSTAL GOFFENA, demands judgment against the Defendant, WAL-MART STORES EAST, LP, in an amount in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs, and respectfully requests a trial by jury on all issues so triable.

<div align="center">

**COUNT II**
**CRYSTAL GOFFENA vs. AARON POWELL**

</div>

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 above as if fully set forth herein.

16. At all times material hereto, Defendant, AARON POWELL, as manager of said store referred to in numbered paragraph 4 above, was in control of said business premises within

the contemplation of Fla. Stat. 768.0755, and as such owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which included reasonable efforts to keep the floors free from a liquid substance, which appeared to be water, that might foreseeably give rise to loss, injury or damage.

17. Being in control of said business premises, Defendant, AARON POWELL, owed a duty to Plaintiff and other business invitees on the premises to exercise reasonable care to maintain the premises in such a manner as to avoid injury or damages to business invitees, such as Plaintiff, as a result of a liquid substance, which appeared to be water, on the floors.

18. Defendant, AARON POWELL, breached his duty by negligently failing to exercise reasonable care relating to the said premises while under his control in that he failed to take reasonable precautions to maintain said premises in a safe condition.

19. Among the duties of Defendant, AARON POWELL, as being the person in control of the premises referred to in numbered paragraph 4 above, was to conduct, personally or through those under his control, reasonable periodic inspections, at reasonable intervals, to discover and to remove dangerous substances or conditions on the floor of said premises and to clean up, check, or remove such dangerous substances or conditions prior to business invitees being injured thereby.

20. Further, either individually or by persons under his control, Defendant, AARON POWELL, also failed to perform his duty to conduct ordinary general maintenance and to inspect for and discover the dangerous and hazardous condition, which caused Plaintiff to fall and be injured. But for the negligent failure of Defendant, AARON POWELL, while in control of such premises, to perform, individually or by persons under his control, such duties and responsibilities, Plaintiff would not have fallen and injured herself, as aforesaid.

21. As a direct and proximate result of the failure of Defendant, AARON POWELL, while being in control of said business premises referred to in numbered paragraph 4 above, to keep the premises free from hazards or conditions that might foreseeably give rise to loss, injury or damage, Defendant, AARON POWELL, acted negligently by failing to exercise reasonable care in the maintenance, inspection, warning, or mode of operation of said business premises, resulting in Plaintiff to slip and fall on a liquid substance, which appeared to be water, on the floor, resulting in Plaintiff suffering injuries and damages as a result of falling to the floor.

22. As a direct and proximate result of the said negligence, Plaintiff sustained the following past and present damages:

    a. bodily injury;

    b. great physical pain and suffering in the past and into the future;

    c. disability and inability and loss of capacity to lead and enjoy a normal life;

    d. physical impairment;

    e. disfigurement and scarring;

    f. mental anguish in the past and into the future;

    g. loss of or diminution of earnings or earning capacity, loss of past and/or future earnings;

    h. aggravation and permanent aggravation of an existing disease or physical defect;

    i. permanent injury within a reasonable degree of medical probability and/or certainty; and/or

    j. medical and related expenses, past and future, incurred in seeking a cure for said injuries.

23.	Furthermore, the losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, CRYSTAL GOFFENA, demands judgment against the Defendant, AARON POWELL, in an amount in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs, and respectfully requests a trial by jury on all issues so triable.

Dated this 11th day of May 2022

**LOWMAN LAW FIRM**

_____
**JOHN D. MCBRIDE, Esq.**
**FBN: 0096451**
**J. ALEXANDER LAO, Esq.**
**FBN: 177131**
**BRENT M. LOWMAN, Esq., CPA,**
**FBN: 0093239**
**MATTHEW M. DONALDSON, Esq.**
**FBN: 0974226**
31 S. Main Street
Brooksville, Florida   34601
P: (352) 796-0016 | F: (352) 797-7414
pleadings@lowmanlawfirm.com - Primary
**Counsel for Plaintiff**